IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>JEROME KINARD,    )<br>)<br>Defendant.    )<br>) | Crim. No. 08-119 (RBW) |

### DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
### SEIZED IN VIOLATION OF THE CONSTITUTION

Defendant, Jerome Kinard, through counsel, respectfully requests this Court to suppress all evidence seized pursuant to the stop and subsequent search of Mr. Kinard on March 24, 2008. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3) and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.[1]

### BACKGROUND[2]

This case arises out of events allegedly occurring on March 24, 2008, in the area of 3415 Stanton Road, SE, in Washington, D.C. MPD Officers Evans, Rolin, and Catlett were monitoring the 3500 block of Stanton Road. The officers allegedly observed several male subjects "loitering." Apparently based on that observation alone, the officers made contact with the males. Subsequently, the officers chased an individual they believe to have been Mr. Kinard. Some but

---

[1] In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. Kinard's right to later supplement this motion and/or file additional motions which may be appropriate in his case.

[2] Mr. Kinard here relies only on the P.D. 163 arrest report and preliminary hearing transcript as the basis for the facts contained in his motion. That reliance and the summary resulting therefrom should not be construed in any manner as a concession by Mr. Kinard that the allegations contained in the police report and other discovery materials are correct.

not all of the officers who pursued Mr. Kinard say they saw Mr. Kinard throw a gun.

## ARGUMENT

**I.    The Handgun Must Be Suppressed Because the Stop and Seizure of Mr. Kinard was Objectively Unreasonable.**

In the present case, officers conducted an unconstitutional investigative stop of Mr. Robinson.  The government, not the defendant, bears the burden of demonstrating by a preponderance of the evidence the constitutionality of the stop and search.  See United States v. Matlock, 415 U.S. 164, 177 n.14 (1974).  At a hearing, the government will be unable to show that officers possessed sufficient factual justification to conduct the stop.  Thus, this Court must suppress all evidence seized and statements taken from Mr. Kinard as fruits of an illegal stop.  See Wong Sun v. United States, 371 U.S. 471, 484-85 (1963) (requiring suppression of evidence seized as tainted fruit of an unconstitutional search).

**A.    Officers "Seized" Mr. Kinard.**

Though less intrusive than a full-blown arrest, an investigative stop nevertheless constitutes a seizure for Fourth Amendment purposes.  Florida v. Royer, 460 U.S. 491, 498 (1983) (citing United States v. Brignoni-Ponce, 422 U.S. 873, 881-82 (1975)).  An individual has been "seized" within the meaning of the Fourth Amendment if, "in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Jordan, 958 F.2d 1085, 1086 (D.C. Cir. 1991) (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980)).  Moreover, the individual must actually have submitted to the officers' show of authority.  Jordan, 958 F.2d at 1086 (quoting California v. Hodari D., 499 U.S. 621, 626 (1991)).

There is little doubt in the present case that officers "seized" Mr. Kinard, thereby

triggering the protections of the Fourth Amendment. A reasonable person in Mr. Kinard's position would not have felt free to leave.

> **B.    The Seizure of Mr. Kinard Was Not Supported By Reasonable, Articulable Suspicion.**

In determining the reasonableness of a seizure, this Court must apply an objective standard. See <u>United States v. Hill</u>, 131 F.3d 1056 (D.C. Cir. 1997). In order to conduct a proper seizure, the officers must have reasonably believed that "criminal activity [was] afoot." <u>Illinois v. Wardlow</u>, 528 U.S. 119, 123 (2000). The officers' stop and seizure of Mr. Kinard was objectively unreasonable, because they had no reasonable basis for believing that Mr. Kinard, who was merely standing on the street, had committed any kind of offense. As a result, the fruits of that stop, <u>i.e.</u>, the handgun, must be suppressed.

## **CONCLUSION**

For the foregoing reasons, and any other the Court deems just and proper, Mr. Kinard respectfully requests that this Court suppress the firearm recovered by the police in this case on March 24, 2008

                                            Respectfully submitted,

                                            A.J. Kramer
                                            Federal Public Defender

                                            _____/s/_____
                                            Jonathan S. Jeffress
                                            <u>Counsel for Jerome Kinard</u>
                                            Assistant Federal Public Defender
                                            625 Indiana Ave., N.W., Suite 550
                                            Washington, D.C.  20004
                                            (202) 208-7500

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Crim. No. 08-119 (RBW) |
| **JEROME KINARD,** | ) ) | |
| Defendant. | ) ) | |

### ORDER

Upon consideration of defendant JeromeKinard's Motion to Suppress Evidence Seized in Violation of the Constitution, and any opposition thereto, and for good cause shown, it is hereby

**ORDERED** that Mr. Kinard's motion is **GRANTED**; and it is

**FURTHER ORDERED** that the firearm recovered by MPD officers on March 24, 2008, is suppressed.

**SO ORDERED**.

_____
JUDGE REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE

DATE:_____