UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Crim. No. 08-119 (RBW) |
| | ) | |
| **JEROME KINARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Mr. Jerome Kinard, through undersigned counsel, respectfully proposes the following jury instructions:[1]

**I.   GENERAL INSTRUCTIONS.**

1.03   Preliminary Instruction Before and During the Trial

1.04   A.  Stipulation of Fact

1.05   Cautionary Instruction Prior to First Recess

1.07   Question Not Evidence

1.10 (A) Evaluation of Prior Inconsistent Statement of a Witness-Impeachment (if applicable)

1.10 (B) Evaluation of Prior Inconsistent Statement of a Witness-Substantive Evidence (if

applicable)

1.22   A Juror's Recognition of a Witness or Other Party Connected to the Case

---

[1] The numbered instructions listed below are taken from the "Redbook" instructions printed in <u>Criminal Jury Instructions for the District of Columbia</u> (4th ed. 1993).  Mr. Kinard reserves the right to submit a theory-of-defense instruction and to propose additional instructions based upon the evidence at trial.

2.01    Function of the Court

2.02    Function of the Jury

2.03    Jury's Recollection Controls

2.04    Evidence in the Case - Stipulations

2.05    Statements of Counsel

2.06    Indictment Not Evidence

2.07    Inadmissible and Stricken Evidence

2.08    Burden of Proof - Presumption of Innocence

2.09    Reasonable Doubt as modified by the District of Columbia Court of Appeals

>   The government has the burden of proving the defendant guilty beyond a reasonable doubt.
>
>   Reasonable doubt, as the name implies, is a doubt based upon a reason –a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt then you have a reasonable doubt.
>
>   Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guess work; it is a doubt based upon reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

Smith v. United States, 709 A.2d 78, 82 (D.C. 1998)

2.10    Direct and Circumstantial Evidence

2.11    Credibility of Witnesses

2.13    Number of Witnesses

2.14    Nature of Charges Not to Be Considered

2.26    Police Officer's Testimony

2.27    Failure of Defendant to Testify (if applicable)

2.28    Defendant as Witness (if applicable)


**II.    INSTRUCTIONS ON CHARGED OFFENSE**

    **A.    Count One (18 U.S.C. § 922(g)(1)).**

4.79 Possession of Firearm[2]

In addition to Instruction 4.79, the defense requests the following instruction regarding Mr. Kinard's prior conviction:

> The only relevance of Mr. Kinard's prior conviction is for purposes of determining whether Mr. Kinard falls within the category of individuals who are covered by the statute. This prior conviction may not in any way be considered by you for any other purpose. It may not be considered by you for purposes of determining whether it is more likely or less likely that Mr. Kinard possessed the gun and ammunition charged in the indictment. Rather, you may only consider the prior conviction in determining whether the government has met its burden of establishing this specific element of the offense.

(See 3.08) Possession - Defined

There are two kinds of possession: actual and constructive. A person has actual possession of something, in this case the gun, if he has direct physical control over it. He has constructive possession of something if he does not have direct physical control over it, but

---

[2] The statute refers to persons who have been convicted of a crime punishable by imprisonment for a term exceeding one year. Mr. Kinard requests that the Court and the government, throughout the trial, use this terminology, as opposed to the word "felon." Instruction 4.79 can be easily modified to accomplish this objective.

knowingly has both the power and the intention at a given time to control it.

Mere presence near something is not enough to show possession. Mere knowledge of the location of something is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the gun and ammunition.

### III.     CLOSING INSTRUCTIONS.

2.71    Election of Foreperson

2.72    Unanimity

2.73    Exhibits During Deliberations (depending upon Court's practice)

2.75    Communications Between Court and Jury During Jury's Deliberations


Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202)  208-7500