UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CRIMINAL NO. 08-119 (RBW) |
| JEROME KINARD, : | |
| : | |
| Defendant. : | |
| _____ : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OBJECTION TO GOVERNMENT'S NOTICE OF DEFENDANT'S SECTION 924(E)(1) STATUS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Reply to Defendant's Objection to Government's Notice of Defendant's Section 924(E)(1) Status. In support of this Reply, the Government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter:

**BACKGROUND**

1. On April 24, 2008, the defendant was indicted on one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

2. On May 15, 2008, the Government filed its Notice of Defendant's Section 924(e)(1) Status informing the Court and the defendant that the defendant's prior convictions for Distribution of Cocaine Base (CR6-61 (RCL)), Second Degree Assault (CT971312x, MD), and Attempted Distribution of Cocaine (F8412-90, DC) make him eligible for a mandatory minimum sentence of fifteen years incarceration if convicted. Copies of the certified convictions were provided as well.

3. On May 23, 2008, the defendant filed his Objection to the Government's Notice, claiming that the defendant's convictions for Second Degree Assault and Attempted Distribution of Cocaine do not meet the requirements for predicate convictions under 18 U.S.C. § 924(e)(2). For the reasons discussed below, the defendant's claims are meritless and should be denied.

## **ARGUMENT**

4. Pursuant to 18 U.S.C. § 924(e)(1), a person who is convicted of 18 U.S.C. § 922(g), and who has three prior convictions by any court for a violent felony or a serious drug offense, or both, that were committed at different times, shall be imprisoned for not less than fifteen years and fined. See 18 U.S.C. § 924(e)(1). The statute defines a "serious drug offense" as:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A).

The statute defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year, . . ." that –

> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. § 924(e)(2)(B). As discussed below, the defendant's three convictions are included within these definitions.

## THE ATTEMPTED DISTRIBUTION OF COCAINE CONVICTION

5. The defendant has two prior drug convictions that are applicable here: a 2006 conviction in the United States District Court for Distribution of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and a 1990 Superior Court conviction for Attempted Distribution of Cocaine, in violation of D.C. Code §§ 48-904.01(a)(2)(A); 48-904.09. While the defendant does not dispute that the District Court conviction qualifies as a "serious drug offense" under the statute, he claims that, following the Supreme Court's recent opinion in Begay v. United States, 128 S. Ct. 1581 (2008), "Attempted" Distribution of Cocaine is no longer a "serious drug felony" under 18 U.S.C. § 924(e)(1). See Def. Obj. at 6-7. This claim is not only meritless, but also contrary to the controlling law in this jurisdiction, and should be denied.

6. Pursuant to 18 U.S.C. § 924(e)(2)(A)(ii), the term "serious drug offense" means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." The crime for which the defendant was convicted, Attempted Distribution of Cocaine, has a maximum term of imprisonment of thirty years. See D.C. Code §§ 48-904.01(a)(2)(A); 48-904.09.[1]

7. Moreover, in a 2008 opinion, the Court of Appeals held, yet again, that *Attempted* Distribution of Cocaine is a "serious drug felony" under 18 U.S.C. § 924(e)(2)(A)(ii). See United States v. Williams, 488 F.3d 1004, 1008-09 (D.C. Cir. 2008); United States v. Alexander,

---

[1] Significantly, the penalties under the D.C. Code for *Attempted* Distribution and for Distribution are exactly the same, unlike for other "attempt" statutes, which indicates the legislature's intent to treat the two drug offenses the same. Compare D.C. Code §§ 48-904.01(a)(2)(A), 48-904.09 with D.C. Code § 22-1803.

331 F.3d 116, 130 (D.C. Cir. 2003).

8. Finally, the defendant's claim that the Supreme Court's view on "attempted" drug crimes has changed with its <u>Begay</u> opinion has no basis. There is nothing in <u>Begay</u> to suggest that its interpretation of 18 U.S.C. § 924(e)(2)(B)(ii) has anything to do with whether Attempted Distribution of Cocaine is still a "serious drug offense" under §924(e)(2)(A)(ii). Indeed, to the extent that defense counsel is claiming that the "attempt" of any predicate crime will no longer qualify as a conviction for purposes of this statute, that argument is contradicted by the Supreme Court's opinion in <u>James v. United States</u>, 127 S. Ct. 1586 (2007), in which the Court held that attempted burglary qualifies as a "violent felony" under 18 U.S.C. § 924(e). <u>See</u> <u>James</u>, 127 S. Ct. at 1597 (noting that attempted burglary is "violent felony" even if it can be committed without serious risk of harm). Thus, the defendant's claim that his Attempted Distribution of Cocaine conviction does not qualify as a "serious drug offense" should be rejected.

## THE ASSAULT CONVICTION

9. The defendant's claim that his conviction for Second Degree Assault does not qualify as a "violent felony" under § 924(e) should also be rejected. Pursuant to § 924(e)(2)(B)(i), a "violent felony" means "any crime punishable by imprisonment for a term exceeding one year" – regardless of whether it is a "misdemeanor" as argued by the defendant – that "has an element the use, attempted use, or threatened use of physical force against the person of another . . . ." 18 U.S.C. § 924(e)(2)(B)(i). In this case, the defendant was convicted in 1997 of Second Degree Assault, in violation of Maryland Criminal Code § 3-203 (formerly Article 27, § 12A), for which the potential penalty is imprisonment not exceeding ten years, a fine not exceeding $2,500, or both. Second Degree Assault is further defined in the Maryland Code as a "crime of violence,"

4

along with arson, kidnaping, maiming, murder and other serious, violent crimes.  See MD Code § 5-101(c).  Moreover, the jury instructions for Second Degree Assault, a copy of which is attached as Exhibit 1, establish that, regardless of the type of assault at issue in a particular case-- intent to frighten, attempted battery, or battery – all have as an "element the use, attempted use, or threatened use of physical force against the person of another."  See MPJI-Cr 4:01.  Thus, the defendant's claim that his conviction for Second Degree Assault does not qualify as a "violent felony" should be rejected.

10.  In support of his argument, the defendant relies extensively on Begay, but that reliance is misplaced.  The Supreme Court's opinion in Begay was focused on interpreting the second "violent felony" clause, § 924(e)(2)(B)**(ii)**, also known as the "residual clause" or the "otherwise clause," and not on the clause that is relevant here, which is § 924(e)(2)(B)**(i)**.  See Begay, 128 S. Ct. at 1583 ("We here consider whether driving under the influence of alcohol . . . falls within the scope of the *second clause*"; "we hold only that, *for the particular statutory provision before us*" DUI falls outside of scope of Armed Career Criminal Act).  See also Taylor v. United States, 495 U.S. 575, 579 (1990) (interpreting § 924(e)(2)(B)**(ii)** as well, but noting that the defendant "conceded that his robbery and *assault* convictions properly could be counted as two of the three prior convictions required for enhancement, because they involved the use of physical force against persons, under § 924(e)(2)(B)(i)").[2]

11.  The defendant further argues that, because the Maryland jury instruction for Second Degree Assault permits a conviction for "intentionally frightening another person with the threat

---

[2] See also, Begay, 128 S. Ct. at 1581 (dissent) (noting in dicta that "[d]efendants with a combination of felony DUI and other *qualifying convictions* – for example, convictions for *assault* or burglary. . . . )

of immediate offensive physical contact," as opposed to limiting convictions to situations where there was actual force used, that the defendant is "accordingly not subject to ACCA's enhanced sentencing provisions." See Def. Opp. at 4-5.  That argument contradicts the plain meaning of the statute, which provides that a "violent felony" can include an "attempted use" of force, and/or a "threatened use" of force.  Moreover, the cases relied upon by defendant do not support his position:  Flores v. Ashcroft, 350 F.3d 666 (7th Cir. 2003) deals with whether an individual convicted of a domestic offense should be deported, and United States v. Belless, 338 F.3d 106 (9th Cir. 2003) deals with whether a domestic conviction is sufficient in a prosecution for unlawful possession of a firearm by someone convicted of a misdemeanor crime of domestic violence under § 922(g)(9).

    WHEREFORE, for the reasons stated above, the United States respectfully requests that the Court rule that the defendant is an "armed career criminal" pursuant to 18 U.S.C. § 924(e)(1).

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

    /s/
Jean W. Sexton
Assistant United States Attorney
NJ Bar 02122-1995
555 4th Street, N.W.  #4235
Washington, DC 20530
(202) 305-1419; Fax: 514-6010
Jean.Sexton@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | **CRIMINAL NO. 08-119 (RBW)** |
| **JEROME KINARD,** : | |
| : | |
| **Defendant.** : | |
| _____: | |

**ORDER**

Upon consideration of the Government's Notice of Defendant's Section 924(e)(1) Status, the Defendant's Objections thereto, and the Government's Reply, it is this _____ day of June, 2008,

ORDERED, that the Defendant's Objections are OVERRULED, and

FURTHER ORDERED, that, if convicted, the Defendant will be eligible for an enhanced sentence pursuant to 18 U.S.C. § 924(e).

_____
UNITED STATES DISTRICT JUDGE

copies to:

Jean W. Sexton, Esq.
Jonathan Jeffress, Esq.

CRIMINAL OFFENSES                MPJI-Cr 4:01

## MPJI-Cr 4:01
## SECOND DEGREE ASSAULT

The defendant is charged with the crime of assault.

### A
### INTENT TO FRIGHTEN

Assault is intentionally frightening another person with the threat of immediate [offensive physical contact] [physical harm]. In order to convict the defendant of assault, the State must prove:

(1) that the defendant committed an act with the intent to place (victim) in fear of immediate [offensive physical contact] [physical harm];
(2) that the defendant had the apparent ability, at that time, to bring about [offensive physical contact] [physical harm]; and
(3) that (victim) reasonably feared immediate [offensive physical contact] [physical harm]; [and]
[(4) that the defendant's actions were not legally justified.]

### B
### ATTEMPTED BATTERY

Assault is an attempt to cause [offensive physical contact] [physical harm]. In order to convict the defendant of assault, the State must prove:

MPJI-Cr 4:01                                    CHAPTER FOUR

(1) that the defendant actually tried to cause immediate [offensive physical contact with] [physical harm to] (victim);
(2) that the defendant intended to bring about [offensive physical contact] [physical harm]; and
(3) that the defendant's actions were not consented to by (victim) [or not legally justified]. (note on use)

## C
## BATTERY

Assault is causing offensive physical contact to another person. In order to convict the defendant of assault, the State must prove:
(1) that the defendant caused [offensive physical contact with] [physical harm to] (victim);
(2) that the contact was the result of an intentional or reckless act of the defendant and was not accidental; and
(3) that the contact was not consented to by (victim) [or not legally justified].

---

### Notes on Use

Use this instruction if the defendant is charged with second degree assault, under Md. Ann. Code art. 27, § 12A (1996 Repl. Vol.). Use version "A" when the only theory of assault is an intent to frighten type of assault. Use (4) only if the evidence generates justification, e.g., self-defense, and give the instruction for that justification. Use version "B" when the only theory of assault is an attempted battery type of assault. Out of an abundance of caution, use (3) unless it is clear that there is neither justification nor consent. Use version "C" when the only theory of assault is a battery. Out of an abundance of caution, use (3) unless it is clear that there is neither justification nor consent. Although version