UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  08-119 (RBW) |
| | : | |
| JEROME KINARD, | : | |
| | : | |
| Defendant. | : | |
| | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO SUPPRESS EVIDENCE

     The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendant's Motion to Suppress Evidence.  In support of its Opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this issue:

FACTUAL BACKGROUND

     1.  The defendant, Jerome Kinard, was charged by indictment with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

     2.  The government believes its evidence will show that on March 24, 2008, at approximately 11:56 p.m., officers from the Metropolitan Police Department were on patrol in two marked police cars in the area of 18th and Stanton Road, S.E., which is area known to the officers as a high crime, high drug area.  Officers Nefetia Stevens and Sanave Rolin were together in one car and were driving down 18th Street toward Mississippi Avenue, S.E.  As they drove past an apartment complex, they saw a group of six or eight men standing on the side of two apartment buildings next to 18th Street.  When the group of men saw the police car, they

turned and walked between the apartment buildings toward the parking lot in the middle of the complex.

  3. At that same time, Officer Sidney Catlett drove down Mississippi Avenue in his marked police car and turned into the parking lot of the apartment complex. Officer Catlett drove toward the group of men as they walked towards the parking lot from between the buildings. Officer Catlett, who was in full uniform, got out of his car and the group of men turned and walked back between the buildings towards 18th Street. Officers Stevens and Rolin saw the group of men walk back towards them between the buildings onto the sidewalk next to 18th Street. As they got out of their patrol car, in full uniform, the defendant and another unidentified individual started running down the street. The officers chased the heavier set individual, later-identified as defendant Jerome Kinard, as he ran through the cut between two apartment buildings, and during that chase, both officers could see the defendant touching the side of his waist as he ran.

  4. As the defendant ran back through the parking lot, Officer Catlett joined in the chase, running parallel to the defendant through a different cut between the apartment buildings. He, too, saw the defendant touching the side of his waist. After the defendant crossed Stanton Road, Officer Catlett caught up to the defendant and ordered him to get on the ground. The defendant did not comply and instead proceeded around the corner of the building where he came upon Officers Stevens and Rolin, both of whom had their weapons out. As both officers looked at the defendant, they could see the butt of a gun sticking out of his waistband. The defendant then took the gun out of his waistband slowly and dropped it onto a grassy area approximately five feet from where he was standing. The defendant then lay down on the ground and was placed in

handcuffs. Officer Stevens went directly to where the defendant dropped the weapon and recovered a large revolver which was subsequently identified as an operable, Webley Mark VI .445 caliber revolver that was loaded with six rounds of .44 cal ammunition.

**ARGUMENT**

5. The defendant argues that the officers "conducted an unconstitutional investigative stop of Mr. Robinson [sic]" and that the officers did not possess "sufficient factual justification to conduct the stop." Def. Mot. at 2. This argument is without merit and should be denied.

6. In Illinois v. Wardlow, 528 U.S. 119 (2000), the Supreme Court held that a suspect's unprovoked flight from a police officer in a high crime area gave the police articulable suspicion for a Terry stop. In this case, the defendant was standing around with a group of individuals, late at night, in a high crime, high drug area. When the group saw Officers Stevens and Rolin drive into the area on 18th Street in their marked police car, they turned around and walked towards a parking lot. Then, when the saw Officer Catlett pull into the parking lot and get out of his marked police car, they turned and walked back towards 18th Street. As Officers Stevens and Rolin got out of their police car, just two of the individuals started to run – the defendant and an unidentified male. At that point, the officers had the articulable suspicion necessary to stop the defendant, but, in addition to the flight, all three officers saw the defendant reach towards his waistband as well. Upon observing the defendant's hand movements, one officer further yelled out "I think he has a gun."

7. Once the defendant finally stopped, Officers Stevens and Rolin observed, in plain view, the butt of a weapon sticking out of the defendant's waistband. Thus, at that point, they had probable cause to arrest the defendant which only grew stronger seconds later when, of his

own volition, the defendant took the gun out of his waistband and threw it on the ground. At a bare minimum, the officers not only had a basis to stop the defendant, but they also had a basis to frisk him because of his flight and furtive hand movements and any frisk clearly would have resulted in the discovery of the weapon.

8. Finally, the defendant lacks any expectation of privacy in the gun as he voluntarily abandoned it. The officers did not ask or order the defendant to take the weapon out of his waistband, and they had not physically touched the defendant prior to him doing so. Rather, on his own accord, he took the weapon out of his waistband and threw it to the ground. Where a defendant's abandonment of property is voluntary, and not the result of police misconduct, the seizure of the evidence is not illegal. California v. Hodari D., 499 U.S. 621, 626-27 (1991); United States v. Lewis, 921 F.2d 1294 (D.C. Cir. 1990).

WHEREFORE, for the reasons stated above, the defendant's motion should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

    /s/
Jean W. Sexton
Assistant United States Attorney
Federal Major Crimes Section
NJ Bar No. 02122-1995
555 4th Street, N.W. #4235
Washington, DC 20530
(202) 305-1419; Fax: 514-6010
Jean.Sexton@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | |
| : | **CRIMINAL NO. 08-119 (RBW)** |
| **JEROME KINARD,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

# ORDER

Upon consideration of the Defendant's Motion to Suppress Evidence, and the Government's Opposition thereto, it is this _____ day of June, 2008,

ORDERED, that the Defendant's Motion is DENIED.

_____
UNITED STATES DISTRICT JUDGE

copies to:

Jean W. Sexton, Esq.
Jonathan Jeffress, Esq.