UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | CRIMINAL NO. 08-119 (RBW) |
| : | |
| JEROME KINARD, : | |
| : | |
| Defendant. : | |
| : | |

### GOVERNMENT'S MOTION TO INTRODUCE 404(B) EVIDENCE
### ON CROSS-EXAMINATION OR REBUTTAL

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b) on cross-examination or rebuttal. In support of these Notices and Opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this issue:

### FACTUAL BACKGROUND

1. The defendant, Jerome Kinard, was charged by indictment with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

2. The government believes its evidence will show that on March 24, 2008, at approximately 11:56 p.m., officers from the Metropolitan Police Department were on patrol in two marked police cars in the area of 18th and Stanton Road, S.E., which is area known to the officers as a high crime, high drug area. Officers Nefetia Stevens and Sanave Rolin were together in one car and were driving down 18th Street toward Mississippi Avenue, S.E. As they

drove past an apartment complex, they saw a group of six or eight men standing on the side of two apartment buildings next to 18th Street. When the group of men saw the police car, they turned and walked between the apartment buildings toward the parking lot in the middle of the complex.

      3. At that same time, Officer Sidney Catlett drove down Mississippi Avenue in his marked police car and turned into the parking lot of the apartment complex. Officer Catlett drove toward the group of men as they walked towards the parking lot from between the buildings. Officer Catlett, who was in full uniform, got out of his car and the group of men turned and walked back between the buildings towards 18th Street. Officers Stevens and Rolin saw the group of men walk back towards them between the buildings onto the sidewalk next to 18th Street. As they got out of their patrol car, in full uniform, the defendant and another unidentified individual started running down the street. The officers chased the heavier set individual, later-identified as defendant Jerome Kinard, as he ran through the cut between two apartment buildings, and during that chase, both officers could see the defendant touching the side of his waist as he ran.

      4. As the defendant ran back through the parking lot, Officer Catlett joined in the chase, running parallel to the defendant through a different cut between the apartment buildings. He, too, saw the defendant touching the side of his waist. After the defendant crossed Stanton Road, Officer Catlett caught up to the defendant and ordered him to get on the ground. The defendant did not comply and instead proceeded around the corner of the building where he came upon Officers Stevens and Rolin, both of whom had their weapons out. As both officers looked at the defendant, they could see the butt of a gun sticking out of his waistband. The defendant then took the gun out of his waistband slowly and dropped it onto a grassy area approximately five

feet from where he was standing. The defendant then lay down on the ground and was placed in handcuffs. Officer Stevens went directly to where the defendant dropped the weapon and recovered a large revolver which was subsequently identified as an operable, Webley Mark VI .445 caliber revolver that was loaded with six rounds of .44 cal ammunition.

## OTHER CRIMES EVIDENCE

5. On March 31, 2005, the defendant was arrested on a District of Columbia Superior Court warrant for Assault with Intent to Kill while Armed for the May 23, 2004, shooting of James Davis. By the time the defendant was arrested, Mr. Davis had been murdered in an unrelated case. According to the warrant, the complainant reported to detectives at the Metropolitan Police Department that he was standing in the vicinity of the 3500 block of East Capitol Street, N.E. when he observed an individual he subsequently identified as defendant Jerome Kinard, who he had known for seven months, engaged in a verbal altercation with an unknown male. During the altercation, the defendant punched the unknown male in the face and the unknown male responded by throwing a plastic water bottle at the defendant, striking him. The defendant then produced a silver colored handgun, pointed the gun at the unknown male, and fired several shots at the unknown male.

6. The defendant then turned and pointed the gun at the complainant, James Davis. The complainant shoved some individuals he was with out of the way and started running. The defendant shot at the complainant as he ran, striking the complainant in the forearm. The complainant continued to try to get away, and the defendant chased him, firing several more shots and striking the complainant in the right knee and the right leg. The complainant was subsequently transported to George Washington Hospital where he was admitting suffering from three gunshot wounds. The next day, a detective, in the presence of a hospital nurse, showed the

complainant a confirmation photo, at which time the complainant stated, "that's him, that's Rome, the person that shot me." The photograph was of the defendant, Jerome Kinard. A second eyewitness came forward and also identified the defendant, but that eyewitness subsequently recanted the statement previously provided to the police.

7. At the detention hearing that was held on April 22, 2005, the court found by a substantial probability that the defendant committed the offense of Assault with the Intent to Kill while Armed and held the defendant without bond. On August 12, 2005, the United States Attorney's Office dismissed the case without prejudice.

## ARGUMENT

8. Federal Rule of Evidence 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .

F.R.E. 404(b).

9. The Government's theory of the case is that the defendant actually possessed the weapon, as opposed to constructively possessed the weapon. In the defendant's Statement of the Case filed on May 26, 2008, he requests that the Court instruct the jury that "Mr. Kinard denies that he possessed the firearm or ammunition inside of it." Def. Stmt. at 1. Although the government is aware that pursuant to United States v. Linares, 367 F.3d 931, 949-950 (D.C. Cir. 2004), evidence of other bad acts to show that a defendant knowingly possessed a firearm is not relevant in an actual possession case such as this one, should the defendant suggest in his opening, or put on evidence through direct testimony, cross examination or otherwise that suggests that he knows nothing about guns, has never touched guns, etc., the government will

seek to admit the evidence outlined above through cross-examination and/or rebuttal to show that the defendant's possession of the gun on March 24, 2008, was knowing and intentional, and was not the result of inadvertence or mistake or accident.[1]

10. Numerous cases in this Circuit and others demonstrate that evidence of a prior or subsequent possession of a firearm is admissible as 404(b) evidence. See United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002) (evidence of defendant's prior gun possessions admissible under Rule 404(b) "because it was relevant to show knowledge of, and intent to possess, the firearms recovered from his room"). As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" Id. at 793 (citation omitted).

11. Moreover, Rule 403(b) is a rule of "inclusion rather than exclusion." See United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000). While the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the Court stated in Cassell, "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a

---

[1] The evidence and details described herein are necessarily brief. The Government respectfully requests leave to supplement this motion with additional details and evidence, as they become available and as it becomes appropriate to do so.

proper purpose so long as the evidence is not offered <u>solely</u> to prove character.'" <u>Cassell</u>, 292 F.3d at 791 (emphasis in original).

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence pursuant to Rule 404(b), be granted.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney

          /s/
        Jean W. Sexton
        Assistant United States Attorney
        NJ Bar No. 02122-1995
        555 4th Street, N.W.  #4235
        Washington, DC 20530
        (202) 305-1419; Fax: 514-6010
        Jean.Sexton@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | |
| : | **CRIMINAL NO. 08-119 (RBW)** |
| **JEROME KINARD,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

Upon consideration of the Government's Motion to Introduce 404(B) Evidence, and the Defendant's Opposition thereto, it is this _____ day of June, 2008,

ORDERED, that the Government's Motion is GRANTED.

_____
UNITED STATES DISTRICT JUDGE

copies to:

Jean W. Sexton, Esq.
Jonathan Jeffress, Esq.