**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Crim. No. 08-119 (RBW)** |
| **V.** ) | |
| ) | |
| **JEROME KINARD,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S REPLY TO DEFENDANT'S**
**OBJECTION TO NOTICE OF DEFENDANT'S SECTION 924(E)(1) STATUS**

Defendant Jerome Kinard, through counsel, respectfully submits this objection to the Government's Notice of Defendant's Section 924(e)(1) Status. In addition, by this pleading, the defense respectfully requests a ruling on Mr. Kinard's section 924(e)(1) status prior to the trial in this matter, which is scheduled to begin on October 21, 2008.

**BACKGROUND**

In its Notice, the government argues that Mr. Kinard is subject to a fifteen year mandatory minimum penalty under the "Armed Career Criminal Act" ("ACCA"), 18 U.S.C. § 924(e)(1). The government's Notice asserts that Mr. Kinard is subject to the ACCA because he has three prior felony convictions that are either "serious drug offenses" or "violent felonies." Those convictions being: (1) a 1990 conviction in the District of Columbia Superior Court for attempted distribution of cocaine; (2) a 1997 Maryland second-degree assault conviction; and (3) a 2006 federal conviction for the distribution of cocaine base. As discussed below, the defense objects to the use of conviction number (1), the 1990 conviction for attempted distribution of cocaine; and (2), the 1997 second-degree assault conviction from the State of Maryland. While

1

this motion will focus exclusively on conviction (2), the second-degree assault, the Defense maintains their previous objections.

Mr. Kinard's assault conviction should not be counted as a predicated conviction under the ACCA since it has not been proven a "violent felony" as defined by 924(e)(1)(B). The alleged "violent felony" is Mr. Kinard's 1997 second degree assault conviction from Maryland. Mr. Kinard was convicted under Maryland Code Art. 27, § 12A (currently codified as Md. Code § 3-203(a)). Section 12A is titled "Assault in the Second Degree." Id. It states simply that a "person may not commit an assault." Id. Section 12A additionally states that a person "who violates this section is guilty of the misdemeanor of assault in the second degree and on conviction is subject to," *inter alia*, up to ten year in prison. Id. Under § 12A, "Assault" means the crimes of assault, battery, and assault and battery, which retain their judicially determined meanings. Md. Code § 3-203(b). Assault in Maryland is therefore a common law crime.

Under the judicially retained meaning, second degree assault in Maryland covers a wide range of conduct which does not categorically fall under the ACCA's definition of "violent felony." Additionally, the materials submitted by the government demonstrate that Mr. Kinard was convicted by a jury of second-degree assault. Since Maryland second degree assault covers a wide range of conduct, some of which qualifies as a "violent felony," and some of which does not, the government must show that the Maryland jury decided necessarily the elements required to make a prior conviction a "violent felony" under the ACCA. At this time, the government has proffered no such evidence. Therefore, the government fails to carry its burden of demonstrating that Mr. Kinard's second degree assault conviction is a "violent felony" within the ACCA's scope.

**DISCUSSION**

The ACCA imposes a mandatory 15-year sentence upon felons who have been convicted of unlawful possession of a firearm and who have three previous convictions for what Congress defines as either a "serious drug offense," or "violent felony." 18 U.S.C. § 924(e)(1)(2006).

The issue before the Court is whether or not Mr. Kinard's Maryland second-degree misdemeanor assault conviction qualifies as a "violent felony" under 18 U.S.C. § 924 (e)(1). Section 924(e)(1) defines "violent felony as "any crime punishable by imprisonment for a term exceeding one year" that:

(i)   has as an element the use, attempted use, or threatened use of physical force against the person or another; or

(ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Section 924(e)(1) therefore sets out two separate avenues to determine what qualifies as a "violent felony." Clause (i) is based on the use of "physical force" and is the main clause at issue here. Clause (ii) is based on the categorical comparison of the potential risks of injury to persons in property based crimes, like burglary and arson. See Begay v. United States, 128 S. Ct. 1581, 1586 (2008).

In order for the government to use a prior conviction under the ACCA, they must show that the previous fact finder convicted Mr. Kinard of a "violent felony." See Taylor v. United States, 495 U.S. 575, 602 (1990); see also Shepard v. United States, 544 U.S. 13, 16 (2005). The government therefore must show that all the elements of a "violent felony," under the ACCA, were necessarily decided by the previous finder of fact. See Taylor, 495 U.S. at 602. Failure to do so would be constitutional error raising issues under the Sixth and Fourteenth Amendment's

guarantee of a jury to decide disputed facts essential to increasing a potential sentence.  See Shepard v. United States, 544 U.S. 13, 25 (2005)(plurality).[1]

In this case, a jury decided Mr. Kinard's guilt.  Therefore, the government must show that that Maryland jury necessarily decided all elements required for a "violent felony" under the ACCA.  See Taylor, 495 U.S. at 602.  For the reasons listed below, the government has not met its burden demonstrating Mr. Kinard's second-degree assault conviction necessarily decided the elements of a "violent felony" under the ACCA.

## I.    The Government Has Not Demonstrated That Mr. Kinard's Second-Degree Assault Conviction Is A "Violent Felony" Through The Use of "Physical Force" Under the ACCA.

The government has not demonstrated that Mr. Kinard's Maryland based second-degree assault conviction is a "violent felony" through the use, attempted use, or threatened use of physical force.

Under 18 U.S.C. § 924(e)(1)(B)(i), a predicate "violent felony" is "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of *physical force* against the person of another . . . ." 18 U.S.C. § 924(e)(2)(i)(2006)(emphasis added).  To determine whether there is an element of "physical force," as defined by § 924(e)(2)(B)(i), the court "must look only to the statutory definition [of the crime for which the defendant has been convicted], not to the underlying facts or evidence presented."  United States v. Mathis, 963 F.2d 399, 408 (D.C. Cir. 1992)(citing Taylor, 495 U.S.

---

[1] Additionally, Justice Souter, along with three other judges in § III which carried a plurality, stated that Almendarez-Torres would not apply to such findings.  See Shepard, 544 U.S. at 25 ("While the disputed fact here can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to Jones and Apprendi, to say that Almendarez-Torres clearly authorizes a judge to resolve the dispute").  Justice Souter also cautioned the court to respect the "rule of reading statutes to avoid serious risks of unconstitutionality" and to therefore limit judicial fact finding in this area.  Id.

at 602). In cases involving a jury trial, the critical question becomes whether the jury, under the statute, was required to find the use, attempted use, or threatened use of physical force as an element of the offense. Id.

However, where the statute is ambiguous as to the elements required, such as where a common law crime covers a wide range of conduct, the court is permitted to make an inquiry beyond the face of the statute. See Taylor, 485 U.S at 602. This inquiry, however, must be limited and should be confined to the charging documents, jury instructions and similar records. Id. This inquiry should be confined to documents which by their nature sufficiently narrow a jury's factual findings.

### A. Maryland Second-Degree Assault Covers a Wide Range of Conduct That does Not Necessarily Include as an Element the "Physical Force" Required Under 18 U.S.C. § 924(e)(1)(B)(i).

A Maryland second degree assault conviction does not categorically require "physical force" as an element. The Government states in their argument that Maryland convictions for second-degree assault categorically "all have as an element the use, attempted use, or threatened use of *physical* force against the person of another." (Govt.'s Reply To Def.'s Obj. ¶ 9 (emphasis added).) This statement is *erroneous*. See United States v. Kirksey, 138 F.3d 120, 125 (4th Cir. 1998)(finding that a Maryland assault cannot be said to categorically have "as an element the use, attempted use, or threatened use of physical force against the person of another" for purposes of U.S.S.G. § 4B1.1).; see also United States v. Coleman, 158 F.3d 199, 202 (4th Cir. 1998)(finding that "[a] Maryland conviction for common-law assault presents the unusual situation in which an offense may be committed in one of two ways-one of which requires the use, attempted use, or threatened use of physical force and one of which does not").

The Government's argument that all Maryland assault convictions have as an element "physical force" is wrong for multiple reasons. First, the Government's position fails to follow basic rules of statutory construction. And second, it ignores precedent while also ignoring congressional intent. See United States v. Mathis, 963 F.3d 399, 405-06 (D.C. Cir. 1992).

### 1.   The Government's Argument Ignores Rules of Statutory Construction.

The prosecutions argument reasons that "force" and "physical force" are synonymous. The Government treats any application of force as "physical force." This however is an argument that has been repeatedly rejected. See e.g., Mathis, 963 F.3d at 405.

The prosecutions argument ignores the clear import of "violent felony" while also violating a cardinal rule of statutory construction that prohibits construing "a statute in a manner that reduces some of its terms to mere surplusage." United States v. Childress, 104 F.3d 47, 52 (4th Cir. 1996). Simply put, the prosecution would have the court ignore the term "physical" as used in § 924(e). The Government argues that any use of force, direct or indirect, is the physical force required for a "violent felony" rendering the word "physical" to mere surplusage. They would treat a kiss without consent as a "violent felony."

### 2.   The Government ignores precedent, while also ignoring congressional intent, by making no distinction between de minimis force and the violence of "physical force."

Maryland assault convictions include convictions for non-violent conduct using minimal amounts of force which do not qualify as the "physical force" described in the ACCA.

It is well settled that not all uses of force fall under § 924(e)'s definition of "physical force." See United States v. Mathis, 963 F.2d 399 (D.C. Cir. 1992); accord Flores v. Ashcroft, 350 F.666 (7th Cir. 2003). "To avoid  collapsing the distinction between violent and non-violent

offenses, we must treat the word 'force' as having a meaning in the legal community that differs from it meaning in the physics community.  The way to do this is to insist that the force be violent in nature- the sort that is intended to cause bodily injury, or at a minimum likely to do so . . . .  Otherwise 'physical force against' and 'physical contact with' would end up meaning the same thing, even though these senses are distinct in law." <u>Flores</u>, 350 F.3d at 672 (internal citation omitted).  The D.C. Circuit also stated in <u>Mathis</u>, that Congress did not intend to include felonies involving the use of *de minimis* force or felonies, which did not pose special dangers of violence.  <u>See</u> <u>Mathis</u>, 963 F.2d at 407, 409 ("it is not true that whatever a state happens to mean by 'force' will invariably correspond to the meaning of that term which Congress drafted into § 924(e) . . . .   [Congress] did not intend to include felonies in which the use of force was de minimis").

Mr. Kinard was convicted under Md. Ann. Code art. 27 § 12A (1997) entitled "Second degree assault." The Maryland second-degree assault statute simply codifies common law assault stating that "a person may not commit an assault."  <u>Id.</u>  Since the Maryland statute simply recognizes common law assault, as it exists in Maryland, no statute defines the elements of assault, "but Maryland case law fully articulates them."  <u>See</u> <u>United States v. Kirksey</u>, 138 F.3d 120, 125 (4th Cir. 1998).

Under Maryland common law "an assault is an attempted battery or an intentional placing of a victim in reasonable apprehension of an imminent battery."  <u>Id.</u> (citing <u>Lamb v. State</u>, 613 A.2d 402 (Md. Ct. Spec. App. 1992)).  "A battery is defined as the unlawful beating of another, and includes *any* unlawful force used against a person of another, *no matter how slight*." <u>Kirksey</u>, 138 F.3d at 125 (citing <u>State v. Duckett</u>, 510 A.2d 253 (1986))(emphasis in original). Second degree assault in Maryland therefore embraces "a wide range of conduct, including

7

'kissing without consent, touching or tapping, jostling, and throwing water upon another.'"

Kirksey, 138 F.3d at 125 (citing Epps v. State, 634 A.2d 20 (1993). Additionally, it includes

indirect applications of force such as "directing a dog to attack or exposing a helpless person to

the inclemency of weather." Id. (citing Lamb, 613 A.2d at 402). Yet, Maryland assault also

includes such serious and violent conduct as "fatal shooting[s] or stabbing[s]." Kirksey, 135

F.3d at 125.

Maryland second degree assault therefore covers conduct which falls outside the meaning

of "physical force."[2] Given the wide range of conduct covered by common law assault in

Maryland, it is impossible to say categorically that "physical force" is a necessarily decided

element under Maryland law. See Coleman, 158 F.3d at 202; accord Kirksey, 138 F.3d at 125.


### B.  The Government Has Not Met Their Burden to Show the Jury Necessarily Decided "Physical Force" Was Used.

The Government has not shown that Mr. Kinard was convicted of an assault using

"physical force" and not just de minimis force.

While a court must usually confine its inquiry for a predicate conviction to the statutory

definition, in certain situations a limited inquiry beyond the statute may be appropriate. Taylor,

495 U.S. at 602. Where a statute on its face covers a wide range of conduct some of which is not

necessarily a "violent felony," the court may then "look to . . . determine whether a jury was

required to find elements supporting the determination that the prior conviction" required

"physical force." United States v. Andrews, 479 F.3d 894 (D.C. Cir. 2007)(discussing whether

---

[2] Indeed, the model jury instructions for a Maryland second degree assault conviction permit a conviction upon an "intent to frighten." M.P.J.I.-Cr. 4:01. The model instructions allow a jury to convict upon a finding that the person intentionally frightened another person with the threat of mere offensive contact. Id. This certainly does not necessarily involve the "physical force," as required under ACCA.

physical force was necessarily decided under D.C. Code § 22-3013, first-degree sexual abuse of a ward)(citing <u>Taylor,</u> 495 U.S. at 602).

The Maryland statute covers a wide-range of conduct, some of which would qualify as a "violent felony," and some of which would not. <u>See</u> <u>Coleman</u>, 158 F.3d at 202. Thus, in cases where there has been a full jury trial on the matter, the inquiry is directed at whether the elements of a "violent felony" have been necessarily decided by the jury. <u>Andrews</u>, 479 F.3d 894 (D.C. Cir. 2007). It is the Government's burden to show that those elements of "violent felony" were necessarily decided. <u>See</u> <u>Shepard v. United States</u>, 544 U.S. 13, 18-19 (2005)(referring to the governments burden of demonstrating a prior conviction meets the applicable definition).

The government has failed to carry their burden for showing that Kinard's assault conviction was indeed a "violent felony" using physical force. In this case the government must show that the Maryland jury necessarily decided that "physical force" was used in the commission of the assault. The Government has put forth no such evidence.

### 1. The "Statement of Charges" did not narrow the elements of assault for the Maryland jury.

In support of their claim that Mr. Kinard's conviction was indeed a violent felony, the government has chosen to attach the Maryland "Statement of Charges," and the Police Detective's "Application For Statement Of Charges." However, both of these documents fail to show what a jury necessarily decided.

In <u>Taylor</u>, 495 U.S. at 602, the Court held that where a statute is ambiguous as to the elements of the charge, a court may look to the "charging paper and jury instructions" to see if the jury was actually required to find all the elements necessary.

It is not Mr. Kinard's contention that the "Statement of Charges" should be ignored. Indeed, the "Statement Of Charges" is precisely the "charging paper" that the <u>Taylor</u> Court spoke of.  <u>See</u> <u>Taylor</u>, 495 U.S. at 602.  In looking at such papers, this Court must determine if they would sufficiently narrow the elements of the offense such that a jury would have necessarily found the elements of a "violent felony."  However, the charging papers do not do that in this case.  The papers simply refer to an "assault" as defined by Maryland common law. (See STATEMENT OF CHARGES).[3]  Thus, the papers provide no clarity and are just as ambiguous as the Maryland statute, providing no answers and failing to support for the Government's position.

### 2. The "Application For Statement of Charges" does not show what a jury would have necessarily decided and should not be considered by this Court.

The "Application For Statement of Charges," (hereinafter AFSC) which the Government also submits, does not show what a jury would have necessarily decided and therefore should not be considered by this court.  <u>See</u> <u>id</u>.

In <u>Shepard v. United States</u>, 544 U.S. at 16, the Supreme Court disallowed the use of police reports, submitted as part of an official complaint, as evidence that a prior conviction under a generic statute fell under the requirements of the ACCA.  The government claimed that the police reports were part of the official complaint, and therefore "charging documents" within the bounds set forth in <u>Taylor</u>.  <u>Id.</u>  However, the <u>Shepard</u> Court made clear, that the proper <u>Taylor</u> inquiry was directed at that which was necessarily decided by the prior fact finder, not the trivialities of what an individual state would consider to be official.  <u>See</u> <u>Shepard</u>, 544 U.S. at 26.

---

[3] The STATEMENT OF CHARGES states in pertinent part that Mr. Kinard "did assault [the victim] in the second degree in violation of Article 27, Section 12A, contrary to the form of the act of the assembly in such case made and provided and against the peace, government, and dignity of the state."

The AFSC is nothing more than a police report in support of a Complaint.  The type of document specifically disallowed in <u>Shepard</u>.  <u>Id.</u> at 16.  The Government is essentially arguing this Court to impermissibly broaden the scope of the Taylor exception.  Something the Supreme Court has refuse to do.  <u>Id.</u> at 23 ("The Government's position thus amounts to a call to ease away from the *Taylor* conclusion , that respect for congressional intent and avoidance of collateral trial require that convicting court approaching the certainty of the record of the conviction be confined to records of the convicting court approaching the certainty of the record of conviction . . . ").

The AFSC lays out a detailed version of events as described by police, but what it does not do is show what the version the jury necessarily decided upon.  The Taylor inquiry is focused on the documents ability to limit the elements of the offense, something this document does not do.  This document does not limit the elements of assault for the jury.  The AFSC does not show what the Jury, as the fact finders, necessarily decided and cannot be considered under <u>Taylor</u>.  <u>Id.</u>

In order to carry their burden, the government must introduce evidence showing that the jury necessarily decided that the "physical force" required under 924(e) was an element the jury decided in the affirmative.  The Government has not done that.  Failure to do so means Mr. Kinard's conviction cannot be used as a predicate for 924(e).

## II.  Section 924(e)(b)(1)(ii) Is Not Applicable

The second clause, section (ii), is not at issue here and the government themselves states that § 924(e)(2)(B)(ii) is "not the clause that is relevant here . . . ."  (Gov't's Reply to Def.'s Obj. to Gov't's Notice of Def.'s Section 924(e)(1) Status 5).  Section 924(e)(2)(B)(ii) states that the term "violent felony" may also mean a crime that is punishable by more than a year in prison an

"is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ."

### A.  Assault is Not A Listed Crime and is Not Covered by 924(e)(2)(B)(ii)

Clause (ii) was meant by congress to extend the mandatory time provided by the ACCA to especially dangerous *property* crimes.  See United States v. Mathis, 963 F.3d 399, 405 (D.C. Cir. 1992).  Crimes like burglary and arson, that when committed while armed, presented a "serious potential risk of physical injury."

First, second-degree assault in Maryland is not any of the enumerated crimes of clause (ii).  Additionally, assault is not a crime against property.  Assault is by definition against the *person*.  It is not the type of clause (ii) was designed to cover.  See Mathis, 963 F.3d 405 ("First, there are felonies against the *person* that have as an element the use, or threat of physical force; and second, there are felonies against *property* . . .); see also Begay v. United States, 128 S. Ct. 1581, 1586 (2008)(citing H.R. Rep. No. 99-849, p.5).[4]  Clause (i) was intended to cover crimes involving "physical force" against *persons*, while clause (ii) was meant to cover especially dangerous crimes against *property*.  Assault is a crime against persons, not property and is properly dealt with under clauses (i).

---

[4] Additionally the Begay Court noted that the relevant House Report described "clause (ii) as including 'State and Federal felonies against property such as burglary, arson, extortion, use of explosives and similar crimes as predicate offenses. . . ."  Begay, 128 S. Ct. at 1586 (citing H.R. Rep. No. 99-849, p.5).

### B. Maryland Second-Degree Assault Does Not Categorically Require Purposeful, Violent, and Aggressive Conduct.

Evening assuming *arguendo*, that clause (ii) was to be applied to the Maryland second-degree assault conviction, the elements of that offense do not categorically require purposeful, violent, and aggressive conduct.

The inquiry into whether or not a property based crime is covered by clause (ii) is based on whether or not the particular offense is sufficiently similar to the enumerated offenses of arson, burglary, extortion and the like is based. See United States v. Begay, 128 S. Ct. 1581, 1584 (2008). To help in this inquiry, the Begay Court adopted a new touchstone, asking whether a particular crime involves "purposeful, violent, and aggressive conduct." Id. at 1586.

Second degree assault does not categorically require "purposeful, violent, and aggressive conduct. As discussed above, common-law assault in Maryland covers a wide range of conduct, from the slightest touch, to violent shootings. See Coleman, 158 F.3d at 202; see also Kirksey, 138 F.3d at 125. Maryland assault therefore cannot categorically be considered a "violent felony" under § 924(e)(2)(B)(ii).

### CONCLUSION

The government has not shown that Mr. Kinard was convicted of a violent felony under 924(e). Maryland second-degree assault is a common law crime covering a wide range of conduct. Since the elements of a "violent felony" were not necessarily decided under Maryland law, the court must look beyond the face of the statute, to see what the jury necessarily decided. The Government, however, has failed to submit any evidence showing that the Maryland jury necessarily decided the elements required for a "violent felony" under the ACCA. Therefore, the government has not met their burden and Mr. Kinard's Maryland second degree assault conviction cannot be used a predicate conviction for purposes of the ACCA.

Respectfully submitted,

/s/_____
**Jon W. Norris** (Bar # 426105)
**LAW OFFICES OF JON W. NORRIS**
503 D Street, NW, Suite 250
Washington D.C., 20001
(202) 371-0300
(202) 842-2695 fax.